IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIA WARREN,

    *Plaintiff*,

v.

    Case No. 25-2420-EFM-TJJ

KANSAS CITY KANSAS PUBLIC SCHOOLS,

    *Defendant*.

**MEMORANDUM AND ORDER**

Plaintiff Jamia Warren, proceeding pro se, filed suit against Defendant Kansas City Kansas Public Schools asserting a race discrimination claim under Title VII and a disability discrimination claim under the Americans with Disabilities Act ("ADA"). Defendant filed a Motion to Dismiss (Doc. 8) arguing that Plaintiff's Complaint should be dismissed because her claims are time-barred or are otherwise subject to dismissal for failure to exhaust her administrative remedies. Plaintiff did not file a response. For the reasons stated below, the Court grants Defendant's Motion.

**I.    Factual and Procedural Background**[1]

Plaintiff worked for Defendant as senior-level administrative support staff. She alleges that she was discriminated against between February 2024 through April 2024. She asserts that she has been diagnosed with anxiety and depression and requested minor accommodations. Instead of support, she claims that she was subject to increased scrutiny and was falsely accused of

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

misconduct. Plaintiff alleges that Defendant terminated her based on the false allegations of misconduct, and she believes the termination was pretext for race discrimination and retaliation for her disability and reasonable accommodation requests.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 9, 2024.[2] On April 24, 2025, Plaintiff received her Notice of Right to Sue from the EEOC.[3] The letter provided that if Plaintiff decided to file a lawsuit that she must file it within 90 days of receiving the Notice. Plaintiff filed her Complaint on July 29, 2025, alleging that she was discriminated and retaliated against due to her race and disability.

Defendant filed a Motion to Dismiss contending that Plaintiff's Complaint should be dismissed because she did not file it within 90 days of receiving her Right to Sue Letter from the EEOC, and thus it is time-barred. Plaintiff did not file a response.[4]

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[5] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim

---

[2] Plaintiff also contrarily alleges that she did not file a Charge of Discrimination with the EEOC. Defendant, however, attached Plaintiff's Charge of Discrimination to its Motion to Dismiss, and it is dated April 9, 2024. And Plaintiff asserts, and attaches, the EEOC's Right to Sue Letter to her Complaint. Thus, because the Charge of Discrimination is related to the EEOC's Right to Sue Letter, Plaintiff does not dispute its authenticity, and it is central to Plaintiff's claim, the Court considered the document. *See Davis v. BAE Sys. Tech. Sols. & Servs. Inc.*, 764 F. App'x 741, 742 n.1 (10th Cir. 2019) (noting that the Court can consider documents attached to a motion to dismiss when those documents are central to the plaintiff's claim and the document's authenticity is not disputed).

[3] As noted above, Plaintiff attached her April 24, 2025 EEOC Right to Sue Letter as an exhibit to her Complaint.

[4] The Court also notes that Magistrate Judge Teresa James set a scheduling/status conference by telephone for November 17, 2025. Defendant appeared for the hearing, but Plaintiff failed to do so.

[5] Fed. R. Civ. P. 12(b)(6).

to relief that is plausible on its face.'"[6] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[7] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[8] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[9] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[10] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[11]

### III.     Analysis

Defendant contends that Plaintiff's suit is untimely because she did not file it within 90 days of receiving her Right to Sue Letter from the EEOC.[12] Pursuant to 42 U.S.C. § 2000e-5(f)(1), the EEOC must send the aggrieved party a right to sue letter informing the party that her right to

---

[6] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[9] *Iqbal*, 556 U.S. at 678–79.

[10] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[11] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[12] In addition, and alternatively, Defendant asserts that if some of Plaintiff's claims were not filed with, or were not timely filed with the EEOC, those claims are subject to dismissal for failure to exhaust administrative remedies. Defendant further argues that Plaintiff cannot request punitive damages against a governmental entity. The Court finds it unnecessary to address Defendant's alternative, additional arguments.

sue will expire 90 days after receipt of the letter.[13] A plaintiff is barred from bringing a lawsuit more than 90 days after receipt of the EEOC's Right to Sue letter.[14]

In this case, Plaintiff alleges that she received her Right to Sue Letter on April 24, 2025. Indeed, Plaintiff attaches the letter to her Complaint. And the letter clearly states, "**you must file [the lawsuit] in the appropriate court within 90 days of receiving this Notice**." Ninety days from April 24, 2025 is July 23, 2025, and thus Plaintiff needed to file her lawsuit by that date. Plaintiff did not do so because she filed the Complaint on July 29, 2025. Accordingly, because Plaintiff filed her lawsuit more than 90 days after receipt of the Right to Sue Letter, her claims are time-barred.[15]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 8th day of January, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] 42 U.S.C. § 2000e-5(f)(1); *see also* 29 C.F.R. § 1601.19(a).

[14] *See Smith v. Cheyenne Ret. Investors L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018) (explaining that a plaintiff has 90 days to file suit after receiving the EEOC's Right to Sue letter); *Abraham v. Gold Crown Mgmt. LLC*, 2019 WL 174973, at *3 (D. Kan. Jan. 11, 2019) (stating that "[i]f a plaintiff does not bring a lawsuit within 90 days after receiving the Right to Sue letter, plaintiff's claims are time-barred") (citations omitted).

[15] The Court again notes that Plaintiff did not file a response to Defendant's Motion to Dismiss, and she failed to appear for a status conference on November 17, 2025. Thus, Plaintiff also fails to participate in and prosecute her case.